Filed 5/27/16  P. v. Flores CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F070498 |
| v. | (Kern Super. Ct. No. BF156383A) |
| TONY AUGUSTINE FLORES, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J., and Detjen, J.

# INTRODUCTION

Appellant Tony Augustine Flores was convicted pursuant to a no contest plea of one count of criminal threat within the meaning of Penal Code section 422.[1]  He admitted having suffered a prior strike conviction, having a serious felony conviction and having served a prior prison term.  The Kern County Superior Court sentenced him to a total term of 10 years in prison.  Petitioner filed a timely notice of appeal. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  This court thereafter issued a letter inviting appellant to submit supplemental briefing.  No supplemental brief was submitted.

# STATEMENT OF THE CASE

On August 5, 2014, the Kern County District Attorney filed a complaint charging appellant as follows:

Count one, willful infliction of corporal injury resulting in a traumatic condition (§ 273.5, subd. (a)); count two, attempted murder (§§ 664 & 187, subd. (a)); count three, criminal threat (§ 422); count four, willful infliction of corporal injury resulting in a traumatic condition (§ 273.5, subd. (a)); and count five, misdemeanor false imprisonment (§ 236).  As to counts one through five it was alleged that during the commission of the offense appellant personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (e), that he had suffered a prior strike conviction within the meaning of sections 667, subdivisions (c) through (j) and 1170.12, subdivisions (a) through (e), that he had suffered a prior serious felony within the meaning of section 667, subdivision (a) and that he had suffered two prior prison terms within the meaning of section 667.5, subdivision (b).

---

[1]    Unless otherwise indicated, all statutory references are to the Penal Code.

On August 15, 2014, appellant entered a plea agreement wherein he pled no contest to count three, admitted the prior strike conviction, admitted the serious felony conviction, and admitted having served a prior prison term. The parties stipulated that there was a factual basis for count three. The plea provided a stipulated sentence of the mid-term of two years doubled to four years, plus five years for the serious felony prior conviction, plus one year for the prior prison term for a total of 10 years in prison. In exchange, upon motion of the District Attorney, the court dismissed the remaining counts and enhancements.

On September 15, 2014, the court sentenced appellant to a term of four years, the mid-term of two years doubled pursuant to section 667, subdivision (e)(1). His sentence was enhanced by five years for the prior serious felony and by one year for the prior prison term. The court awarded appellant 44 days actual time and 44 days conduct credits. The court imposed a $30 conviction assessment and a $40 court operations assessment, a $300 restitution fine and a $300 suspended restitution fine. The court further ordered appellant to pay restitution to the victim in an amount to be determined.

On November 14, 2014, appellant filed a timely notice of appeal. Appellant's appointed counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436 identifying no arguable issues and asking this court to independently review the entire record on appeal.

## DISCUSSION

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues. (*People v. Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.